**UNITED STATED DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

MARC LATAMIE,

                        Plaintiff,            Case No. 14 Civ. 7554 (KBF)

vs,

BENRIMON CONTEMPORARY LLC, DAVID     **DECLARATION OF**
BENRIMON FINE ART LLC, LEON                **MARC LATAMIE**
BENRIMON, and DAVID BENRIMON

                        Defendants.

---------------------------------------------------------- x

STATE OF _____ }
                             } ss.:
COUNTY OF _____ }

    The undersigned, being duly sworn, deposes and states the following:

    1.    I am over 18 years old and competent to make this affidavit. I am the plaintiff in the above-captioned action, and I am therefore fully familiar with the facts set forth herein. I submit this Declaration in opposition to Defendants' motion to dismiss the Complaint or, in the alternative, for summary judgment (the "Motion").

    2.    I have read the Complaint filed in this lawsuit and I have personal knowledge of the facts set forth therein. The facts set forth therein are true and correct to the best of my knowledge, information, and belief. Capitalized terms that are not defined herein bear the same meaning as in the Complaint.

    3.    I submit this Declaration to provide certain additional facts that were not set forth in the Complaint. These facts principally respond to what I understand is the principle argument that Defendants advance in their Motion, which is that I was not the party that contracted with

- 2 -

Benrimon Contemporary to purchase the Artwork. Instead, Defendants argue that the purchaser of the Artwork was actually my company, DM Fountain, Inc. ("DM Fountain").

4. I am the sole owner and shareholder of DM Fountain. DM Fountain has no employees and has no officers or directors other than me.

5. The agreement that I entered into with Benrimon Contemporary was an oral contract. I agreed orally with Benrimon Contemporary on the essential terms (in particular, the price to be paid and the specific works to be delivered). I entered into that contract personally, in my own personal capacity and on my own behalf. At no point – neither during the negotiations nor upon reaching agreement with Benrimon Contemporary – did I ever represent that I was negotiating or contracting on behalf of DM Fountain. Nobody assisted me with this transaction in any way.

6. Benrimon Contemporary thereafter invoiced me as "Mr. Marc Latamie, DM FOUNTAIN, INC., 217 Thompson Street, New York, NY 10012, marclatam@aol.com" and asked me to countersign as "Marc Latamie, DM Fountain, Inc." I understood that the reference to DM Fountain was simply part of the address line and to make it "look official." However, the address, 217 Thompson Street, has no current connection either to me or to DM Fountain, and I did not provide it to Benrimon Contemporary. All of my communications with the Benrimons have been sent from my personal address. In any event, because the mistake was contained in an invoice sent to me, and not in the contract itself, I did not feel the need to correct it.

7. I subsequently made payments from accounts in the name of DM Fountain, which advanced the money to me. I did this purely as a matter of convenience, since those accounts were already located in the United States.

8. As recited in the Complaint, I subsequently began a lengthy effort to obtain the

Artwork from Benrimon Contemporary, including many emails, telephone calls, and in-person meetings, over a period of more than a year, with both Leon Benrimon and David Benrimon. To the best of my recollection, in all of those communications, I consistently represented that I was seeking delivery of the Artwork on my own behalf, and I never once represented that I was seeking delivery on behalf of DM Fountain. Likewise, to the best of my recollection, in all of those communications, neither Leon Benrimon nor David Benrimon ever once expressed that they were communicating with me as a representative of DM Fountain rather than in my own personal capacity, nor even mentioned DM Fountain at all.

9.  As recited in the Complaint, Benrimon Contemporary did ultimately deliver some of the Artwork – the Warhol Painting and four of the ten Warhol Prints – to me care of Day and Meyer. (To be clear, the four prints which were delivered were not the same specific numbered items that I had initially inspected or contracted to buy; they were four separate prints from various sets of the ten-Print Warhol series.) Benrimon Contemporary delivered the Painting and the four Prints to Day and Meyer for me personally, not for DM Fountain.

**WHEREFORE**, this Court should deny Defendants' motion in its entirety.

Pursuant to 28 U.S.C. § 1746, I hereby certify and declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Dated: December 16, 2014

_____
MARC LATAMIE