UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                     :
MARC LATAMIE,                                                        :
                                                                     :
                                    Plaintiff,                       :
                                                                     :
                         -v-                                         :        14-cv-7554 (KBF)
                                                                     :
BENRIMON CONTEMPORARY LLC, DAVID                                     :        MEMORANDUM
BENRIMON FINE ART LLC, LEON BENRIMON,                                :        DECISION & ORDER
and DAVID BENRIMON,                                                  :
                                                                     :
                                    Defendants.                      :
                                                                     :
------------------------------------------------------------------- X

┌──────────────────────────────────────────┐
│ USDC SDNY                                  │
│ DOCUMENT                                   │
│ ELECTRONICALLY FILED                       │
│ DOC #: _____                    │
│ DATE FILED: February 18, 2015              │
└──────────────────────────────────────────┘

KATHERINE B. FORREST, District Judge:

    Plaintiff Marc Latamie filed this action against defendants Benrimon

Contemporary LLC ("Benrimon Contemporary"), David Benrimon Fine Art LLC,

Leon Benrimon, and David Benrimon on September 18, 2014.  (ECF No. 1.)

Latamie alleges that he personally entered into an agreement with Benrimon

Contemporary to purchase ten prints of Mao Zedong created by Andy Warhol.

Defendants counter that Latamie was not actually a party to the deal, but rather

was merely acting as an agent for his company, DM Fountain, Inc. ("DM Fountain"),

a New York corporation.  Defendants' theory is that DM Fountain has not been

joined as a plaintiff because doing so would prevent this Court from exercising

diversity jurisdiction over this action, and Latamie would be forced to litigate in

New York state court.

On December 1, 2014, defendants moved under Rules 12(b)(6), (c), and (d) for dismissal, judgment on the pleadings, or summary judgment.[1]  (ECF No. 21.)  The motion became fully briefed with Latamie's filing of a sur-reply, with leave from the Court, on January 9, 2015.  (ECF No. 34.)  On January 12, 2015, the Court granted the parties 30 days to conduct discovery from Latamie relating to jurisdictional questions of fact raised in these submissions, and specifically directed the parties to develop facts regarding the role of DM Fountain in the transaction at issue.[2]  (ECF No. 36.)  At the conclusion of this 30-day period, the parties submitted materials setting forth their positions on the information obtain during discovery, each attaching or referencing factual materials outside the pleadings.  (ECF Nos. 45, 46.)

Having reviewed these materials, for the reasons set forth below, the Court GRANTS defendants' motion for judgment on the pleadings.  The Court will not grant Latamie leave to amend his complaint.

I.   LEGAL STANDARD

Although defendants have moved for dismissal under Rule 12(b)(6), they previously filed an answer on October 8, 2014 (ECF No. 10), which they amended on November 27, 2014 (ECF No. 16).  Because a Rule 12(b) motion "must be made

---

[1] Defendants first attempted to file this motion on December 1, 2014. (ECF No. 17.)  Because of docketing issues, defendants refiled the motion on December 4, 2014. (ECF No. 21.)

[2] The Court also directed the parties to develop facts regarding where plaintiff resides.  (ECF No. 36.)  The Court did so because even though defendants did not move to dismiss this action for lack of subject-matter jurisdiction under Rule 12(b)(1), defendants argued in their reply that Latamie is a resident of New York (See ECF No. 31.), which was a troubling accusation, as it suggested that Latamie was practicing a fraud on the Court.  It is now clear from the parties' submissions that even if Latamie resides in New York, he is not a lawful permanent resident of the United States, which renders him a citizen or subject of a foreign state under the federal diversity statute.  See 28 U.S.C. § 1332(a)(2).  Latamie's residence in New York therefore does not prevent this Court from exercising subject-matter jurisdiction over this action.

before pleading if a responsive pleading is allowed," Fed. R. Civ. P. 12(b), the Court may only assess defendants' motion under Rules 12(c) and (d).  On a Rule 12(c) motion, if matters outside the pleadings are presented to and not excluded by the Court, as is the case here, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (quoting Fed. R. Civ. P. 12(d)).

Under Rule 56, summary judgment may not be granted unless the movant shows, based on admissible evidence in the record placed before the court, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden on a particular claim or issue, it need only make a showing that the non-moving party lacks evidence from which a reasonable jury could find in the non-moving party's favor at trial.  Id. at 322-23.  In making a determination on summary judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor."  Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must set out specific facts showing a genuine issue of material fact for trial.  Price v. Cushman & Wakefield, Inc., 808 F.

Supp. 2d 670, 685 (S.D.N.Y. 2011); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  Only disputes relating to material facts—"facts that might affect the outcome of the suit under the governing law"—will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citations omitted).  Self-serving, conclusory affidavits, standing alone, are insufficient to create a triable issue of fact and defeat a motion for summary judgment.  See BellSouth Telecomms. Inc. v. W.R. Grace & Co.-Conn., 77 F.3d 603, 615 (2d Cir. 1996).

II.   ANALYSIS[3]

Defendants argue that this action should be dismissed because there is no triable issue as to whether Latamie was a party to the transaction at issue in his individual capacity.  In support of their position, defendants point to factual materials evidencing that: (1) DM Fountain is entirely legally separate from Latamie (ECF No. 45 ¶¶ 21-22 & ex. 4); (2) the invoice for the transaction at issue was issued to DM Fountain, signed by "Marc Latamie, DM Fountain, Inc.," and referred to in an email as having been issued to DM Fountain (ECF No. 45 ¶¶ 10-12, 23-24, 35, 37 & exs. 1-2, 5, 8, 9); (3) DM Fountain's bank account was used for

---

[3] Although defendants have submitted a Local Rule 56.1 statement (ECF No. 24), the Court will cite directly to the parties' factual submissions for the purposes of resolving this motion.

the transaction, and no monies were paid to defendants from any of Latamie's personal accounts (ECF No. 22 exs. 5-13; ECF No. 45 ¶¶ 13-14, 19, 25 & exs. 1, 5); and (4) Latamie has previously conducted business with Benrimon Contemporary LLC only in his capacity as an officer of DM Fountain, and not in his individual capacity (ECF No. 45 ¶ 26 & ex. 5).  This Court agrees.

Latamie counters with two affidavits sworn by him, in which he asserts that he performed the transaction in his individual capacity, and not on behalf of DM Fountain, and that he used DM Fountain's accounts merely because they were conveniently located in the United States.  (ECF Nos. 28, 34-2.)  In the face of the documentary evidence submitted by defendants, Latamie's self-serving affidavits are insufficient to create a triable issue of fact as to whether he was in his individual capacity a party to the transaction at issue or its intended third-party beneficiary.  See BellSouth Telecomms. Inc. v. W.R. Grace & Co.-Conn., 77 F.3d 603, 615 (2d Cir. 1996); Gates v. United Healthcare Ins. Co., No. 11–cv–3487 (KBF), 2014 WL 5800573, at *8 (S.D.N.Y. Nov. 7, 2014).

Additionally, there is no merit to Latamie's contention that granting summary judgment as to this issue is premature because he has not yet had an opportunity to conduct discovery.  To be sure, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).  However, the materials Latamie seeks—communications involving defendants, himself, and DM Fountain, and documentation regarding the

agreement (<u>see</u> ECF No. 30 at 9-10)—have either already been produced and brought to the Court's attention, or should already be in Latamie's possession. Latamie has been given a reasonable opportunity to present all the material he deems pertinent to the resolution of motion.

Lastly, the Court notes that to the extent that DM Fountain is the real party in interest in the transaction at issue, granting Latamie leave to amend his complaint to join DM Fountain as a plaintiff would be futile.  As DM Fountain is a New York corporation, if it were joined as a plaintiff there would no longer be complete diversity between plaintiffs and defendants, and the Court would lack subject-matter jurisdiction over this action.

III.   CONCLUSION

For the above reasons, defendants' motion for judgment on the pleadings is GRANTED.  The Court will not grant any requests by Latamie to amend his complaint.

The Clerk of Court is directed to close the motion at ECF No. 21 and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            February 18, 2015

_____
        KATHERINE B. FORREST
        United States District Judge